1  Alon Darvish (SBN 231257)
   **LAW OFFICES OF ALON DARVISH**
2  9454 Wilshire Blvd., Penthouse Floor
   Beverly Hills, California 90212
3  Telephone:    (310) 205-5529
   Facsimile:    (310) 496-0171
4
   Attorney for Debtor, Leonard Michael Sanchez
5

6

7              **UNITED STATES BANKRUPTCY COURT**
8      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**
9
10 In re:                              )    Case No: 2:10-BK-53095-TD
                                       )
11                                     )    **OPPOSITION TO MOVANT'S MOTION TO**
   LEONARD MICHAEL SANCHEZ,            )    **REOPEN BANKRUPTCY CASE FOR THE**
12                                     )    **LIMITED PURPOSE OF ALLOWING THE**
                                       )    **MOVANT TO SEEK TO DETERMINE THE**
13                                     )    **DISCHARGABILITY OF A DEBT;**
                                       )    **MEMORANDUM OF POINTS AND**
14                                     )    **AUTHORITIES; DECLARATIONS OF ALON**
                                       )    **DARVISH AND LEONARD MICHAEL**
15               Debtor.               )    **SANCHEZ**
                                       )
16                                     )
                                       )
17                                     )    **Date: September 22, 2011**
                                       )    **Time: 10:00am**
18 _____ )    **Room: 1345**

19

20        Debtor Leonard Michael Sanchez (hereinafter "Debtor" or "Mr. Sanchez"), by and

21 through their undersigned counsel, submits this Memorandum of Points and Authorities in

22 opposition to Movant's Motion to Reopen Bankruptcy for the limited purpose of allowing the

23 Movant to seek to determine the dischargability of a debt.

24              **MEMORANDUM OF POINTS AND AUTHORITIES**

25

26 1.  **STATEMENT OF FACTS.**

27        This litigation arises out of a breach of contract action against Debtor Leonard Michael

28 Sanchez.  Movant, Dr. WIlliam Dorfman, filed suit against Debtor on July 16, 2009.  Movant

                                      - 1 -

was represented by Jonathan Gabriel at the time. However, Movant subsequently substituted counsel on or about June 24, 2010 and retained Barbara Berkowitz of Berkowitz & Associates (Movant's present counsel).

On October 7, 2010, Debtor filed for Chapter 7 Bankruptcy. Inadvertently, Debtor's bankruptcy attorney, Alon Darvish, failed to notice Movant's attorney, Barbara Berkowitz in his Bankruptcy Petition. However, Mr. Darvish had listed Movant's prior counsel, Jonathan Gabriel c/o Dr. Bill Dorfman with the address of 16311 Ventura Blvd., Ste 990, Encino, CA 91436 (Plaintiff's prior counsel's address) (see Exhibit A).

Subsequently, after filing Debtor's Chapter 7 Bankruptcy, Mr. Darvish contacted Barbara Berkowitz on October 7, 2010 via telephone and informed her of Debtor's recent Chapter 7 bankruptcy filing. Mr. Darvish followed-up the telephone call with an email to Ms. Berkowitz providing the email transmittal from the Bankruptcy Court which relates to Debtor's Chapter 7 Bankruptcy filing (see Exhibit B). This email provided the date of filing, the bankruptcy chapter, in addition to the case number.

On October 8, 2010 Ms. Berkowitz also informed the Los Angeles Superior Court of Debtor's bankruptcy filing . In the civil action, the presiding judge stayed the pending action due to DEBTOR'S bankruptcy filing. On April 18, 2011, this Court held a Case Management Conference without Debtor's presence. Debtor failed to appear due to the fact that he never received the Notice of Ruling stating that the Case Management Conference shall be held on April 18, 2011 (See Sanchez Declaration, ¶ 41. Debtor continues to own the home located at 1279 Ozeta Terrace, West Hollywood, CA 90069. However, he had been living at 9018 Norma Place, West Hollywood, CA 90069 since he had filed for bankruptcy and rented the Ozeta home to tenants. (See Sanchez Declaration, ¶ 39) Although he rents his Ozeta home to tenants, he continues to receive mail from that address. However, Debtor never received the October 8, 2010 Notice of Ruling (See Sanchez Declaration, ¶ 41).

As of March 1, 2011, Debtor had been discharged of his debts, including any debts owed to Dr. William Dorfman (See Exhibit C). Despite the fact that Movant's counsel was fully aware

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

of Debtor's bankruptcy filing, Movant's attorney failed to file a proof of claim or an adversary complaint against Debtor's bankruptcy estate. As of March 28, 2011, Debtor's bankruptcy matter has been closed (See Exhibit D).

Movant is now attempting to reopen Debtor's bankruptcy case 6 months after Debtor's bankruptcy case has been discharged and closed in an effort to determine the dischargability of a debt.

## 2. THE DEADLINE FOR FILING A COMPLAINT TO DETERMINE THE DISCHARGABILITY OF A COMPLAINT HAS PASSED.

Movant has failed to file a complaint with the US Bankruptcy Court to determine the dischargability of a debt within the allotted time.

Bankruptcy Rule 4007(c) provides:

A complaint to determine the dischargability of any debt pursuant to §523(c) of the Code shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to §341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002.

In the present case, the Debtor filed a Voluntary Chapter 7 bankruptcy petition with the US Bankruptcy Court, Central District of California, Los Angeles Division on October 7, 2010. The Court scheduled the Meeting of Creditors for November 5, 2010. The Court also determine the deadline to file a complaint to determine the dischargability of certain debt for January 4, 2011.

On July 16, 2009, Movant served Debtor in the Los Angeles Superior Court with a civil complaint for fraud, breach of personal guaranty and money owed, pertaining to a $100,000 investment. A jury trial was scheduled for October 18, 2010 with the Final Status Conference scheduled for October 8, 2010.

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

Movant's counsel, Barbara L. Berkowitz, concedes to the fact in her Motion to Reopen that she had been notified by Debtor's counsel, Alon Darvish, that Debtor filed for bankruptcy on October 7, 2010 - one day prior to the Final Status Conference. Such notice was provided to Movant's counsel during a telephone conversation and via email the same day Debtor filed for bankruptcy.

As of March 1, 2011, Plaintiff had been discharged of his debts, including any debts owed to Movant (See Exhibit C). Despite the fact that Movant's counsel was fully aware of Debtor's bankruptcy filing, Plaintiff failed to file a proof of claim and/or an adversary complaint against Debtor. Movant now brings a Motion to Reopen Debtors bankruptcy to determine the dischargability of the debt allegedly owed to Movant.

It is clear that Movant had sufficient time to file an adversary complaint and to file a proof of claim with the bankruptcy court considering that Movant's counsel received notice of the pending bankruptcy matter the same day Debtor filed for bankruptcy. Furthermore, Ms. Berkowitz also provided notice to the Civil Court of Debtors pending bankruptcy. Although Movant and his attorney had sufficient time to file an adversary complaint, they failed to do so. Therefore, the deadline for filing a complaint to determine the dischargability of a complaint has passed.

## 3. THE MOVANT RECEIVED SUFFICIENT NOTICE OF DEBTORS BANKRUPTCY CASE

Movant alleges that they were not provided adequate notice of Debtor's bankruptcy filing. More specifically, Ms. Berkowitz never received formal notice from the Bankruptcy court and was never provided notice that the civil action for fraud against the debtor was included in the bankruptcy action. Movant further alleges that they never received any formal notice of Debtor's bankruptcy or any notification of the 341(a) hearing that was originally set for November 5,

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

2010, continued to November 30, 2010, and continued again to December 17, 2010.

Debtor had filed a Chapter 7 bankruptcy on October 7, 2010. However, through the mistake of Debtor's counsel, Debtor's bankruptcy petition failed to list Movant's present counsel Barbara Berkowitz of Berkowitz & Associates as a noticed creditor. However, Debtor listed Plaintiff's previous attorney, Jonathan Gabriel c/o Dr. Bill Dorfman with the address of 16311 Ventura Blvd., Ste 990, Encino, CA 91436 (See Exhibit A). As a result of this inaccuracy, the Movant never received the initial notice of the bankruptcy or of the 341(a) creditor meeting.

The pivotal question is whether the Movant had been provided sufficient notice to file a complaint with the US Bankruptcy Court. More precisely, it must be determined whether the Creditor had "notice" or "actual knowledge" within the meaning of §523(a)(3), because a lack of knowledge is a prerequisite to a finding of nondischargability. Spilka v. Bosse (In re Bosse), 122 B.R. 410, 412 (Bankr.C.D.Cal.1990) .

As previously stated, Debtor's counsel contacted Ms. Berkowitz on October 7, 2010 informing her of Debtor's bankruptcy filing. Mr. Darvish further followed-up with Ms. Berkowitz via email informing her of Debtor's bankruptcy filing and provided her with an email transmittal sheet provided directly from the US Bankruptcy Court indentifying the Debtor, Date of Filing, and Case Number (see Exhibit A).

It is the Debtor's contention that the Ms. Berkowitz had "actual knowledge" within the meaning of §523(a)(3) because Debtor's counsel advised Ms. Berkowitz in a telephone conversation on October 7, 2010 that he had filed bankruptcy. Debtor's counsel also followed up with an email stating the Debtors name, date of filing and the bankruptcy case number. Debtor argues that Ms. Berkowitz was on inquiry notice and should have kept abreast of developments relative to that filing due to the notice provided via telephone and email.

The Court in In re Price, states "while certain debts are not dischargable in bankruptcy, it

- 5 -

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

1    is incumbent on the creditor to institute an action to have the debt declared exempt from the

2    bankruptcy proceedings, provided that he has notice or actual knowledge that the debtor is in

3    bankruptcy. If the creditor fails to act, the debt is discharged. Bankruptcy Rule 4007 sets forth

4    the procedure for determination of the dischargability of a debt, and requires the filing of a

5    complaint by the creditor" In re Price, 871 F.2d 97, 98 (9th Cir. 1989).

6
7    Analogizing the pending matter with the facts in Price, "the creditor was not notified by

8    the court within the prescribed time because he was not listed by the debtor, and the motion for

9    an extension was not made before the time had expired." In re Price, 871 F.2d 97, 99. The Court

10   ruled that even though the Debtor failed to list the creditor, it did not relieve the creditor of his

11   obligation to take timely action to protect his claim. Id. at 99. The court further states that "the

12   Statutory language of section 523(a)(3)(B) clearly contemplates that the mere knowledge of a

13   pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action,

14   whether or not that creditor received official notice from the court of various pertinent dates."

15   Id. at 99.

16
17   Moreover, the court in Price citing Maldonado v. Ramirez, 37 B.R. 219, 221(D.V.I.

18   1984) states that "notice to a creditor's attorney of a bankruptcy filing is usually sufficient if the

19   attorney received knowledge of it while representing his client in enforcing a claim against the

20   bankrupt" In re Price, 871 F.2d 97, 99 (9th Cir. 1989).

21
22   Although Movant did not receive notice of the bankruptcy filing, his present attorney,

23   Barbara Berkowitz did receive such notice by way of a telephone conversation and via email of

24   Debtor's bankruptcy. This is substantiated by Movant's Motion to Reopen.

25   It is clear, and we concede that the Movant never received notice directly from the

26   bankruptcy court as to the Debtors bankruptcy filing and the impending deadlines. However,

27   numerous cases have followed the rule in Price that it is incumbent on the creditor to investigate

28

- 6 -

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

the Debtors bankruptcy and to file the complaint within the bankruptcy court prior to the

deadline. Movant nor his counsel filed such a complaint prior to the deadline even though they

were fully aware of Debtors bankruptcy filing, albeit, through a telephone conversation and via

email. However, in the eyes of the law, such action is sufficient to place the Movant on notice.

Even though Debtor failed to appear at the Case Management Conference previously

scheduled for April 18, 2011, Ms. Berkowitz failed to follow-up with the US Bankruptcy Court

to obtain status of the bankruptcy, to file a Proof of Claim, to file an adversary complaint, or to

follow-up with Mr. Darvish regarding the status of the Debtor's bankruptcy.

Under these circumstances, it is safe to assume that Movant and his attorney of record,

Barbara Berkowitz, had sufficient notice of Debtor's bankruptcy filing. Therefore, this court

should deny Movant's request to Reopen Debtor's bankruptcy.

## 4.  **CONCLUSION:**

Debtor respectfully requests that the Court deny Movant's request to Reopen Debtor's

bankruptcy case for the limited purpose of determining the dischargability of the debt owed to

Movant and to order Movant to vacate any entry of default or default judgment obtained against

Debtor in the civil action.

DATED: September 12, 2011          LAW OFFICES OF ALON DARVISH


                                   By: _____
                                        Attorney for Debtor
                                        LEONARD MICHAEL SANCHEZ

**OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE**

**EXHIBIT A**

B6F (Official Form 6F) (12/07)

In re  **Leonard Michael Sanchez**                                              Case No. _____
                                                                          ,
                              Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **x-x9000** | | 2004 | | | | | | | |
| **American Express** P.O. Box 0001 Los Angeles, CA 90096 | - | | | | **Credit Card** | | | | 4,989.35 |
| Account No. **x-x3006** | | 2004 | | | | | | | |
| **American Express** P.O. Box 0001 Los Angeles, CA 90096 | - | | | | **Credit Card** | | | | 1,403.27 |
| Account No. **xxxxxxxxxxxxx4370** | | 2000 | | | | | | | |
| **American Home** 575 Underhill Blvd., #224 Syosset, NY 11791 | - | | | | **Unknown Debt** | | | | 309.00 |
| Account No. **xxxxxxxxx1874** | | 2005 | | | | | | | |
| **AT&T** P.O. Box 9039 South San Francisco, CA 94083 | - | | | | **Unknown** | | | | 709.78 |

_**5**_   continuation sheets attached

Subtotal
(Total of this page)          7,411.40

B6F (Official Form 6F) (12/07) - Cont.

In re    **Leonard Michael Sanchez**                                    Case No. _____

_____
                        Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxx-xxxx-xxxx-6997 | | | | 2002 Credit Card | | | | |
| AT&T Universal Card/ Citibank P.O. Box 6500 Sioux Falls, SD 57117 | - | | | | | | | |
| | | | | | | | | 6,036.13 |
| Account No. xxxx-xxxx-xxxx-2097 | | | | 2007 Credit Card | | | | |
| Banamex USA 2029 Century Park East Los Angeles, CA 90067 | | | | | | | | |
| | | | | | | | | 3,262.61 |
| Account No. xxxx-xxxx-xxxx-9239 | | | | 2004 Credit Card | | | | |
| Bank of America P.O. Box 15026 Wilmington, DE 19850 | - | | | | | | | |
| | | | | | | | | 11,178.53 |
| Account No. xxxx-xxxxxx-x8297 | | | | 2004 Credit Card | | | | |
| Bank of America P.O. Box 15026 Wilmington, DE 19850 | - | | | | | | | |
| | | | | | | | | 21,443.81 |
| Account No. xxxx-xxxx-xxxx-8849 | | | | 2006 Credit Card | | | | |
| Bank of America P.O. Box 15026 Wilmington, DE 19850 | - | | | | | | | |
| | | | | | | | | 4,568.78 |

Sheet no. __1__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)                                              46,489.86

B6F (Official Form 6F) (12/07) - Cont.

In re   **Leonard Michael Sanchez**
_____,
Debtor

Case No. _____

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-1662<br><br>Capital One<br>P.O. Box 60597<br>City of Industry, CA 91716 | | - | 2005<br>Credit Card | | | | 4,249.17 |
| Account No. xxxx-xxxx-xxxx-5020<br><br>Capital One<br>P.O. Box 60597<br>City of Industry, CA 91716 | | - | 2005<br>Credit Card | | | | 3,168.08 |
| Account No. xxxx-xxxx-xxxx-3436<br><br>Capital One<br>P.O. Box 60024<br>City of Industry, CA 91716 | | - | 2006<br>Credit Card | | | | 1,313.85 |
| Account No. xxx5343<br><br>Cedars Sinai Medical Center<br>1801 West Olympic<br>Pasadena, CA 91199 | | - | 2008<br>Line of Credit | | | | 191.84 |
| Account No. xxxx-xxxx-xxxx-6743<br><br>Citibank<br>P.O. Box 45165<br>Jacksonville, FL 32232 | | - | 2005<br>Credit Card | | | | 999.55 |

Sheet no. __2__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   9,922.49

B6F (Official Form 6F) (12/07) - Cont.

In re   **Leonard Michael Sanchez** _____, Case No. _____
_____ Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxxxxxxxxxxxx0001<br><br>City of L.A. Municipal Services<br>P.O. Box 30808<br>Los Angeles, CA 90030 | | - | | 2005<br>Line of Credit | | | | 1,506.24 |
| Account No.<br><br>City of West Hollywood<br>PO Box 51852<br>Los Angeles, CA 90051 | | - | | 2009<br>Parking Citations | | | | 255.00 |
| Account No. xxxxx6835<br><br>Direct TV<br>P.O. Box 78626<br>Phoenix, AZ 85062 | | - | | 2003<br>Line of Credit | | | | 254.54 |
| Account No.<br><br>Eleanor Sanchez<br>1245 Beverly Estate Drive<br>Beverly Hills, CA 90210 | | - | | 2007<br>Personal Loan | | | | 28,000.00 |
| Account No.<br><br>Jonathan Gabriel<br>c/o Dr. Bill Dorfman<br>16311 Ventura Blvd., Ste 990<br>Encino, CA 91436 | | - | | 2009<br>Lawsuit | | | X | Unknown |

Sheet no. _3_ of _5_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    30,015.78

B6F (Official Form 6F) (12/07) - Cont.

In re    **Leonard Michael Sanchez**                              Case No. _____
_____
                    Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | | |
| Account No. xxx8.060 | | | | | 41984 Line of Credit | | | | |
| King, Holmes, Paterno & Berliner 1900 Avenue of the Stars 25th Floor Los Angeles, CA 90067 | - | | | | | | | | 41,984.00 |
| Account No. | | | | | 2003 Personal Loan | | | | |
| Lauren Whitesell 8383 Wilshire Blvd., #500 Beverly Hills, CA 90211 | - | | | | | | | | 165,000.00 |
| Account No. | | | | | 2004 Personal Loan | | | | |
| Leonard Sanchez 9204 Pebble Beach Dr. NE Albuquerque, NM 87111 | - | | | | | | | | 5,362.00 |
| Account No. xx-xxx-xxx-132-0 | | | | | 2010 Charge Card | | | | |
| Macy's PO Box 689195 Des Moines, IA 50368 | - | | | | | | | | 264.00 |
| Account No. | | | | | 2010 Rental Deposit | | | | |
| Mark Schomisch and Michael Gallion 1289 Sunset Plaza Drive West Hollywood, CA 90069 | - | | | | | | | | 15,000.00 |

Sheet no. __4__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)          227,610.00

B6F (Official Form 6F) (12/07) - Cont.

In re    **Leonard Michael Sanchez**                                                      Case No. _____
_____
                                    **Debtor**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | 1/2010 Performance Fees | | | | |
| Mary Murphy Productions Inc. 10606 Mira Lago Terrace San Diego, CA 92131 | | - | | | | | X | |
| | | | | | | | | 20,000.00 |
| Account No. xxx5YSM | | | | 2008 Parking Citation | | | | |
| Miami-Dade County, Florida 73 W. Flagler St., #242 Miami, FL 33130 | | | | | | | | |
| | | | | | | | | 274.00 |
| Account No. xxxxx5041 | | | | 2010 Parking Citations | | | | |
| San Francisco Department of Parking and Traffic PO Box 7718 San Francisco, CA 94120 | | - | | | | | | |
| | | | | | | | | 238.00 |
| Account No. xxxxxxx4590 | | | | 2000 Line of Credit | | | | |
| Sun Valley Waterbeds 575 Underhell Blvd., #224 Syosset, NY 11791 | | - | | | | | | |
| | | | | | | | | 682.00 |
| Account No. xxxxxxxxxx0001 | | | | 2009 Utilities | | | | |
| Verizon 5175 Emerald Parkway Dublin, OH 43017 | | - | | | | | | |
| | | | | | | | | 1,200.00 |

Sheet no. __5__ of __5__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

|  | Subtotal (Total of this page) | 22,394.00 |
|---|---|---|
|  | Total (Report on Summary of Schedules) | 343,843.53 |

Software Copyright (c) 1996-2010 - Best Case Solutions - Evanston, IL - www.bestcase.com                                    Best Case Bankruptcy

**EXHIBIT B**

**Alon Darvish**

| | |
|---|---|
| **From:** | Alon Darvish |
| **Sent:** | Thursday, October 07, 2010 11:02 AM |
| **To:** | barbara@berkowitzlaw.net |
| **Subject:** | Leonard Michael Sanchez - Bankruptcy Notice. |

Ms. Berkowitz,

Below, you shall find the email transmittal from the US Bankruptcy Court with regards to Leonard Michael Sanchez.

Best regards,

**Alon Darvish, Esq.**
**Law Offices of Alon Darvish**
*9454 Wilshire Blvd., Penthouse Floor*
*Beverly Hills, California 90212*
Telephone: (310) 205-5529
Facsimile: (310)496-0171
Website: www.BankruptcyLALaw.com
Email: Alon@BankruptcyLALaw.com

ATTENTION: This message, together with any attachments, is intended only for the use of the individual or entity to whom (which) it is addressed and may contain information that is legally privileged, confidential and exempt from disclosure. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution, or copying of this message, or any attachment, is strictly prohibited. Additionally, the content does not represent a legal opinion unless specifically stated as such. If you have received this message in error, please notify the original sender, Alon Darvish, immediately by telephone at (310) 205-5529, or by return E-mail and delete this message, along with any attachments, from your computer. Thank you.

On Thu, Oct 7, 2010 at 10:44 AM, <cmecfhelpdesk@cacb.uscourts.gov> wrote:

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30-page limit do not apply.**

**U.S. Bankruptcy Court**

**Central District Of California**

Notice of Bankruptcy Case Filing

The following transaction was received from Alon Darvish entered on 10/7/2010 at 10:44 AM PDT and filed on 10/7/2010

| | |
|---|---|
| **Case Name:** | Leonard Michael Sanchez |
| **Case Number:** | 2:10-bk-53095 |

**Document Number:** 1

**Docket Text:**
Chapter 7 Voluntary Petition . Fee Amount $299 Filed by Leonard Michael Sanchez (Darvish, Alon)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Y:\ECF\Sanchez, Leonard Michael\Petition.PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1106918562 [Date=10/7/2010] [FileNumber=38888865-
0] [2e51e919cd15d21e0083726cded3892a2fabc5ec90c12f47b7652ad8aa72e6092f
91dae28f2744d4665c4502dfb7824c210b184197ccf5cb76e9c9f4a420d849]]

**2:10-bk-53095 Notice will be electronically mailed to:**

Alon Darvish on behalf of Debtor Leonard Sanchez
alon@bankruptcylalaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

**2:10-bk-53095 Notice will not be electronically mailed to:**

**EXHIBIT C**

Case 2:10-bk-53095-TD    Doc 29    Filed 09/13/11    Entered 09/13/11 10:28:58    Desc
Case 2:10-bk-53095-    Main Document 03/01/11 Page 19 of 40    3/01/11 09:11:06    Desc
Discharge of Debtor (Ch 7)    Page 1 of 2

B18 (Official Form 18)(12/07)

# United States Bankruptcy Court
## Central District Of California

### 255 East Temple Street, Los Angeles, CA 90012

## <u>DISCHARGE OF DEBTOR</u>

**DEBTOR INFORMATION:**
Leonard Michael Sanchez
aka L. Michael Sanchez, aka Michael Sanchez

**BANKRUPTCY NO.** 2:10-bk-53095-TD

**CHAPTER** 7

**Last four digits of Social-Security or Individual Taxpayer-Identification (ITIN) No(s).,** (if any): xxx-xx-4223
**Employer Tax-Identification (EIN) No(s).(if any):** N/A
Debtor Discharge Date: 3/1/11

**Address:**
1279 Ozela Terrace
West Hollywood, CA 90069

It appearing that the debtor is entitled to a discharge, IT IS ORDERED: The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT,

Dated: March 1, 2011

**Kathleen J. Campbell**
Clerk of the Court

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION

---

* Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social-security numbers or individual taxpayer-identification numbers.

(Form b18-DIS Rev. 03/09) VAN-30

23 - 6 / SMZ

Case 2:10-bk-53095-TD    Doc 29    Filed 09/13/11    Entered 09/13/11 10:28:58    Desc
Case 2:10-bk-53095-    Main Document 03/Page 20 of 40    3/01/11 09:11:06    Desc
Discharge of Debtor (Ch 7)    Page 2 of 2

B18 (Official Form 18) Cont.
Rev (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7, the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts That are Not Discharged.

Some of the common types of debts which are **not** discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift savings Plan for federal employees for certain types of loans from these plans.

This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.

**EXHIBIT D**

# UNITED STATES BANKRUPTCY COURT
## *Central District Of California*

| | |
|---|---|
| Debtor(s) Name:<br><br>Leonard Michael Sanchez | For Court Use Only<br><br>**FILED**<br><br>**March 28, 2011**<br><br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY SMZ DEPUTY CLERK |
| Chapter: 7<br><br>Case Number:  2:10-bk-53095-TD | **ORDER CLOSING CASE** |

*Order of Discharge in the above referenced case was entered on 3/1/11, and notice was provided to parties in interest. Since it appears that no further matters are required that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged from his/her duties in this case, his/her bond is exonerated, and the case is closed.*

*Dated: 3/28/11*

*By Order of the United States Bankruptcy Court*

**Kathleen J. Campbell**
*Clerk of Court*

27/ SMZ

1   Alon Darvish (SBN 231257)
    **LAW OFFICES OF ALON DARVISH**
2   9454 Wilshire Blvd., Penthouse Floor
    Beverly Hills, California 90212
3   Telephone:    (310) 205-5529
    Facsimile:    (310) 496-0171
4
    Attorney for Debtor, Leonard Michael Sanchez
5

6

7               **UNITED STATES BANKRUPTCY COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9

10  In re:                              )   Case No: 2:10-BK-53095-TD
                                        )
11                                      )   **DECLARATION OF ALON DARVISH IN**
        LEONARD MICHAEL SANCHEZ,        )   **SUPPORT OF OPPOSITION TO**
12                                      )   **MOVANT'S MOTION TO REOPEN**
                                        )   **BANKRUPTCY CASE FOR THE LIMITED**
13                                      )   **PURPOSE OF ALLOWING THE MOVANT**
                                        )   **TO SEEEK TO DETERMINE THE**
14                                      )   **DISCHARGABILITY OF A DEBT.**
                                        )
15                  Debtor.             )
                                        )
16                                      )
                                        )
17                                      )
                                        )
18                                      )

19

20  I ALON DARVISH declare as follows:

21      1.  I am an attorney licensed to practice law before all courts of the State of California and

22          the US Bankruptcy Court, Central District of California.  I am counsel of record for

23          Leonard Michael Sanchez in the present matter.  Except for those matters stated to be on

24          information and belief, I make this declaration of my own personal knowledge.  If called

25          upon to do so, I could and would competently testify to the matters set forth herein.

26
27      2.  On September 23, 2010, Mr. Sanchez retained my services to file a Chapter 7 Bankruptcy

28          petition.

                                    - 1 -
                    **DECLARATION OF ALON DARVISH**

3. Mr. Sanchez provided me with a list of creditors to include in his bankruptcy schedules.

4. Although Dr. William Dorfman had been listed in the petition, the mailing matrix had been addressed to Jonathan Gabriel (Plaintiff's former counsel).

5. I had filed Mr. Sanchez's bankruptcy petition on October 7, 2010.

6. After the filing of Mr. Sanchez's bankruptcy petition, I had discovered that Dr. Dorfman had retained new counsel (Barbara Berkowitz).

7. On October 7, 2010, I immediately contacted Ms. Berkowitz via telephone and informed her of Mr. Sanchez's bankruptcy filing. I later followed-up the conversation with an email which provided the Debtor's name, date of filing, and case number.

8. Although I received the notice of ruling of October 2010, Mr. Sanchez's had been representing himself in the civil matter. I had not been retained to represent him in the civil matter - only the bankruptcy matter.

9. On December 20, 2010, the bankruptcy trustee filed a Chapter 7 Trustee's Report of No Distribution.

10. On March 1, 2011, Mr. Sanchez received his discharge.

11. On March 28, 2011, the bankruptcy matter had been considered closed.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 9/12/11                              _____
                                            Alon Darvish, Esq.

**DECLARATION OF ALON DARVISH**

1    Alon Darvish (SBN 231257)
     **LAW OFFICES OF ALON DARVISH**
2    9454 Wilshire Blvd., Penthouse Floor
     Beverly Hills, California 90212
3    Telephone:     (310) 205-5529
     Facsimile:      (310) 496-0171

4    Attorney for Debtor, Leonard Michael Sanchez

5

6

7                UNITED STATES BANKRUPTCY COURT

8        CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

9

10    In re:                            )    Case No: 2:10-BK-53095-TD

11       LEONARD MICHAEL SANCHEZ,    )    **DECLARATION OF LEONARD MICHAEL**
                                      )    **SANCHEZ IN SUPPORT OF OPPOSITION**
12                                      )    **TO MOVANT'S MOTION TO REOPEN**
13                                      )    **BANKRUPTCY CASE FOR THE LIMITED**
                                      )    **PURPOSE OF ALLOWING THE MOVANT**
14                                      )    **TO SEEEK TO DETERMINE THE**
15                Debtor.           )    **DISCHARGABILITY OF A DEBT.**
                                      )
16                                       )
17                                       )
18                                       )

19

20    I LEONARD MICHAEL SANCHEZ declare as follows:

21      1.   That I am the Debtor in the present bankruptcy matter.

22      2.   In 2007, Dr. Bill Dorfman ("Movant") invested $300,000.00 in *"Killer Movie"*

23         (originally titled *"Dead of Winter"*) which was produced through *Dead of Winter, LLC*

24         (*"DOWLLC"*); a company formed by me and my producing partners, Jeff Fisher and

25

26         Cornelia Taylor.

27      3.   Movant's investment was to literally buy a part in the movie for his new wife, Jennifer

28         Murphy and DOWLLC provided Movant with the ceremonial title of "Executive

- 1 -
**DECLARATION OF LEONARD MICHAEL SANCHEZ**

Producer."

4. In early May of 2007, after budget overruns threatened to shut down production, Fisher, Taylor and myself approached our investors for additional funding to complete the film.

5. Dorfman's additional (proportional) share was $100,000.00.

6. On or about May 16, 2007, at a meeting with Fisher and myself, Movant agreed to deposit the funds "right away," after which, in a polite gesture of gratitude for Movant's continued support, I orally offered to guarantee his investment; although I was not authorized, by DOW LLC, to do so.

7. Movant instantly rejected my offering, saying that he "trusted my confidence in the movie" before reminding me that he was "not interested in money" and that he was "doing this for Jennifer."

8. Movant also pointed out that, if the movie was not profitable, "You won't have a hundred grand to pay me anyway." I responded by reminding him that "I still have my house and, certain that Movant, who I considered a friend at the time, would not take me up on the offer, brazenly announced that I would be willing to guarantee his additional investment against the profits from my home "when I sell it or re-fi." Movant laughed as he said, "That's not gonna happen."

9. On or about May 17, 2007, when notified by my producing partner (Taylor) that Movant's funds had not been wired "right away" as promised, I sent him an email (attached as "Exhibit A") as a friendly reminder. In the email, I repeated my offer to guarantee the loan against my home.

10. Movant called later that day to inform me that the funds had been wired and repeated that he was "doing this for Jen" and, although he "hoped" the movie would be profitable, "that's not my motivation."

- 2 -

**DECLARATION OF LEONARD MICHAEL SANCHEZ**

11. Movant never responded to my email offer in writing, and rejected it orally on at least three occasions in front of others.

12. Beginning in early July 2007; after witnessing first hand Movant's severe abuse and neglect, I supported Jennifer Murphy during (and after) their extremely nasty divorce; which has not been completely resolved due to Movant's malicious legal maneuvers.

13. *"Killer Movie"* premiered at *The Tribeca Film Festival* on April 24, 2008 but turned out to be a critical and financial failure, and we have yet to recoup our investments, although I remain hopeful that Movant and our other top investors will recover a portion of their investments via potential television distribution.

14. In an email dated April 30, 2009 (attached as "Exhibit B"), Movant claims to possess "...a signed document where you guaranteed me the additional $100,000 you needed finish the project." Movant goes on to acknowledge that he "...only did the initial investment to get Jennifer a part..." and promises to "...fax a copy of the document you signed."

15. Since the "signed document" he references does not exist, he never faxed it as promised.

16. In another email dated April 30, 2009 (attached as "Exhibit C"), Movant eloquently expresses his motive for the legal attacks on me; writing, "I was just trying to kill 2 birds with one stone," referring to his demand that Ms. Murphy's divorce attorney (Brett Hunter) "pass on a message" to me. Later in the email, he claims I have been "BRUTAL in spreading all kinds of BS about (him)" and that I was "...helping Jennifer divorce (him) amongst other things."

17. In an email dated May 4, 2009 (attached as "Exhibit D"), I explained to Movant, "...the only Agreement you have is between yourself and Dead of Winter, LLC;" the *"Killer Movie"* production company. Later in the email, I offered to take a look at the email he

- 3 -
**DECLARATION OF LEONARD MICHAEL SANCHEZ**

claimed was a legally binding agreement, "…if it will get (him) to focus (his) bullying attention on someone else."

18. In an email dated May 5, 2009 (attached as "Exhibit E"), Movant threatens legal action after admitting, "I gave you guys $200,000 so you would give Jennifer a role" and again claiming my email offer, which he repeatedly refused orally; and to which he never responded in writing, was a guarantee, closing with, "Please fulfill your obligation or I will be forced to take legal action."

19. In an email dated May 7, 2009 (attached as "Exhibit F"), I respond to Movant's attack by documenting my extreme restraint in not exposing his nasty lies and malicious, bullying nature), closing with, "Please stop harassing me. It is beneath even you."

20. On or about July 19, 2009, Movant filed a malicious and frivolous lawsuit, alleging the May 17, 2007 email, to which he never responded other than orally rejecting it on at least three occasions, was in fact a legally binding contract.

21. Absent both a *meeting of the minds* and an *acceptance* of my email offer, Movant's civil lawsuit was a frivolous, malicious attempt to punish me for helping his ex-wife. It remains without merit.

22. The Complaint alleged I had refinanced my home (which was erroneous information Movant obtained from my biggest client at the time, Mary Murphy; by expressing false romantic interest).

23. Coincidentally, Mary Murphy had been Jennifer Murphy's (no relation) post-divorce roommate before Movant destroyed their friendship with lies and half-truths.

24. Mary Murphy fell for Movant's lies and in the process, Movant poisoned Murphy's relationships with both Jennifer Murphy and myself; eventually contributing to our separation and Murphy's decision to cut off all management commission payments.

- 4 -

Main Document    Page 29 of 40

25. My media silence throughout this process; as well as my incredibly generous mediation offer (to settle Movant's Civil lawsuit by paying $60,000 in cash plus hundreds of thousands of promotional services value from one of my clients), speaks volumes about the silliness of his false allegations as well as my desire to be left alone.

26. Following Movant's rejection of my settlement offer, his relentless attacks on me (and Jennifer Murphy) intensified.

27. Attorneys fees from my side alone total over $70,000, thus far, to defend against Movant's $100,000.00 lawsuit.

28. In mid-July, 2009, after a year of Movant's costly legal maneuvers, I was informed by my attorney (Brian Bird of *King, Holmes, Paterno & Berliner*) that the firm was going to withdraw as my attorneys in Movant's Civil suit after I raised the issue of a conflict of interest when I discovered *King, Holmes* was now representing Mary Murphy.

29. Since Bird had advised me to file bankruptcy when it became clear that Movant was intent on "burying me with legal fees" by keeping the Civil suit going "for as long as he possibly could," I was not worried at the time and began to interview bankruptcy attorneys who could handle my complicated situation.

30. In the process, I was advised by several attorneys, including Mr. Darvish, that Movant's Civil case against me would be halted with a bankruptcy filing; and would be terminated with the discharge of my bankruptcy. Therefore, I did not hire a new Civil attorney.

31. On September 21, 2010, Bird notified me that Movant's Civil suit was set for Trial on October 18, 2010; with a Final Status Conference on October 8, 2010.

32. On September 23, 2010, I retained the Law Offices of Alon Darvish to file for Chapter 7 Bankruptcy.

33. I provided a list of creditors and known addresses to Mr. Darvish to assist in the

**DECLARATION OF LEONARD MICHAEL SANCHEZ**

preparation of my bankruptcy petition; including the address for Movant's attorney at the time (Mr. Gabriel).

34. On September 29, 2010, I provided Mr. Darvish with the name and address of Movant's new attorney (Ms. Berkowitz); after receiving notice of a change of counsel).

35. Although Mr. Darvish spoke to Ms. Berkowitz on or about October 7, 2011; notifying her of my pending bankruptcy filing, he failed to update the schedules to reflect the changed noticed party.

36. On October 7, 2010, Mr. Darvish formally filed my Chapter 7 bankruptcy with the U.S. Bankruptcy Court, Central District of California Case #2:10-bk-53095.

37. On October 8, 2010 Ms. Berkowitz appeared in Civil Court at the Final Status Conference and informed the Judge that I had filed for bankruptcy.

38. Fearing that I might lose my home, I rented a much smaller home nearby (9018 Norma Place, West Hollywood, CA 90069) and sought to rent out the Ozeta Terrace home.

39. I continue to own and use the Ozeta address as my business address, and receive mail at both addresses. However, due to a *United States Postal Service* forwarding error, much of my mail has been in a state of "perpetual forwarding."

40. On or about October 8, 2010, Ms. Berkowitz mailed a Notice of Ruling to the Ozeta Terrace address as well as Mr. Darvish's address.   The Notice included the date for the Civil matter's Case Management Conference; which was scheduled for April 18, 2011.

41. I never received the Notice and, although Mr. Darvish did receive it, he did not inform me.  Therefore, I was unaware of the Case Management Conference.

42. As of March 1, 2011, my Chapter 7 bankruptcy was discharged.

43. As of March 28, 2011, the bankruptcy matter was closed.

44. Unaware of the Case Management Conference, I did not appear.  However, I absolutely

- 6 -

**DECLARATION OF LEONARD MICHAEL SANCHEZ**

1   would have appeared to inform the Civil Court that a discharge had been obtained in my

2   bankruptcy had I known about the hearing.

3   45. On May 26, 2011, I received a NOTICE OF RULING OF MAY 4, 2011 CMC and OSC

4   which was **hand-delivered** to my old address and was eventually given to me by my

5   tenant. It notified me that a Default Judgment had been entered against me in Movant's

6   Civil suit because of my failure to appear to provide a status report on my bankruptcy

7   action at the Case Management Conference (envelope attached as "Exhibit G").

8

9   46. In his latest legal maneuver, Movant, through counsel, is attempting to challenge the

10   now-closed bankruptcy case; alleging I "intentionally" missed the hearing and that my

11   bankruptcy filing was "questionable;" both of which are 100% untrue and arguably

12   malicious and unprofessional.

13   47. I have complete respect for the Court as evidenced by my:

14       a. Immediate call and email (attached as "Exhibit I") to my attorney, after I was
15
16          handed the Default Order, and

17       b. My attendance at an *Ex-Parte* hearing.

18   48. I firmly believe Movant's ongoing legal attacks are the result of his paranoia that I will

19       someday sell or otherwise expose the bizarre intimate details about his life before, during

20       and after his marriage to Jennifer Murphy; details which Ms. Murphy and others have

21       shared with me. Nothing could be further from the truth. Although Movant has

22       conspired to destroy my business and reputation, I have survived and my sincere wish is

23       that I never see or speak of Movant again.
24
25   49. In his latest legal maneuver, Movant's counsel (Ms. Berkowitz) alleges Movant was not

26       properly notified of my bankruptcy, in an attempt to re-open the now discharged matter,

27       when in fact, she appeared in Civil Court on October 8, 2010 to notify the Judge that I

28

-7-

**DECLARATION OF LEONARD MICHAEL SANCHEZ**

had filed bankruptcy. This is a desperate and extreme example of an attorney allowing a

wealthy client to abuse our justice system.

50. I hereby, respectfully, ask the Court to dismiss this matter, with prejudice, so we all can

focus on more productive pursuits.

I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.

Dated: _9. 11. 11_

Leonard Michael Sanchez

- 8 -

DECLARATION OF LEONARD MICHAEL SANCHEZ

| From: | <axistalent@gmail.com> |
|---|---|
| To: | "Dr. Bill Dorfman" <billd@discusdental.com> |
| Date: | 05/16/2007 9:44 AM |
| Subject: | "Dead of Night" [Wiring Instructions |
| CC: | "Cornelia Taylor" <cmry@earthlink.net> |

Dr Dorfman,

I'm not sure if you already have the wiring instructions for the additional $100,000 investment.

They are attached below.

As we discussed, although I am confident it will not be necessary, I will guarantee the return of this additional $100,000 investment, against my home (upon sale or when I refinance in 2010, whichever occurs first).

Please let me know when the funds have been wired.

Thanks for your continued support!

Michael Sanchez
Producer, "Dead of Night"
310.940.6886

-----Original Message-----
From: Cornelia Taylor
To: Michael Sanchez
Sent: May 16, 2007 11:24 AM
Subject: Wells Fargo Wiring Instructions

Wells Fargo Bank

Dead of Winter Productions LLC
(Jeff Fisher & Cornelia Ryan)
245 N. Larchmont Blvd
Los Angeles, CA 90004
310-560-2101

Account #: 6223063089
Routing #: 122000247

Sent via BlackBerry from Cingular Wireless

# EXHIBIT A

---------- Forwarded message ----------
From: wilmich d <                           >
Date: Thu, Apr 30, 2009 at 3:41 AM
Subject: RE: Message from Bret
To:

Dear Michael,
I have a signed document where you guaranteed me the additional $100,000
you needed finish the project. If you remember I only did the initial investment
to get Jennifer a part. I had NO intention of putting another $100,000 into the
movie.
I don't know anything about DVD sales and have not received a single penny
from this investment. Nor have I heard anything about it in months.
Furthermore I have not spoken to Jennifer in over a year so I don't know what
you are talking about as far as "ridiculous accusations" through her or her
attorney. My only contact with Brett was the email I sent him and ther was
nothing "ridiculous" about that.
I also fail to see the relevance of me being friends with Mary or Lauren in
this?????? I have never mentioned this to either of them.
In short if this upsets you I am sorry, but you do owe me this money and I will
fax you a copy of the document you signed. Please give me your fax number.
sincerely,
Bill

Date: Tue, 28 Apr 2009 16:38:53 -0700
Subject: Message from Bret
From:
To:
CC:

Bill,

I never "guaranteed" anything. However, based on "Killer Movie" DVD sales,
etc. I am hopeful you will recoup your investment (and then some). That said, it
is bizarre and despicable that you would spread ridiculous accusations
through your ex-wife and her attorney when you have **all** of my contact info, are
in contact with several of my clients (including numerous attempts to attach
Lauren to your various projects) and have seen me at my home within the past
few months.

You owe me an apology before I will put this behind us.

Sincerely,

Michael

# EXHIBIT B

---------- Forwarded message ----------
From: **wilmich d** <                              >
Date: Thu, Apr 30, 2009 at 3:57 AM
Subject: RE: Message from Bret
To:

Also the only thing I mentioned to Brett is this:

"Also Michael sanchez "personally" guarenteed $100,000 of that money and I
would like to collect that ASAP.  Could you or Jennifer please pass that
message on to Michael."

Perhaps it was insensitive of me to ask him or Jennifer to contact you but quite
honestly it was really late at night and I was just trying to kill 2 birds with one
stone.  Also I did not think it was such a big deal.  Again if that upset you I am
very sorry.  That was not what I intended to do.

BTW I think it takes a lot of nerve on your part to accuse me of
spreading "ridiculous accusations" about YOU when you have been BRUTAL in
spreading all kinds of BS about me.
I have been completely supportive of you and any project you have ever come to
me with.  I have treated you as a gentelman and have had the utmost respect
and integrity even though you were helping Jennifer divorce me amongst other
things.  Be honest with yourself.  I never "demanded" an apology from you for
any of this , but maybe I should have.
sincerely,
Bill

# EXHIBIT C

Date: Mon, 4 May 2009 10:59:05 -0700

Subject: Re: Message from Bret
From:
To:

Dr. Dorfman,

Again, we had many conversations (in-person, phone, email, etc.) in which we discussed a variety of things, including additional investments from you (to maintain a proportional investment in "Killer Movie"). However, the only Agreement you have is between yourself and Dead of Winter, LLC.

As appealing as continuing this childish conversation with you would be, fortunately, I don't have the time. However, if it will get you to focus your bullying attention on someone else, please feel free to **FORWARD** a copy of the **EMAIL** upon which you seem to be fixated; keeping in mind, you do **NOT** have an Agreement with me, personally.

Sincerely,

Michael Sanchez

P.S. I understand you have already contacted Jeff Fisher. He or our attorney, Penelope Glass, is who you should be contacting about your Agreement with Dead of Winter, LLC. I believe the first quarter sales figures were due on May 3rd so, again, I am hopeful you (and the film's other investors) will be seeing a return on your investment soon.

# EXHIBIT D

**From**: wilmich d
**Date**: Tue, 5 May 2009 23:40:57 -0700
**To**: michael sanchez< ⟩
**Subject**: RE: Message from Bret

How can you deny this when it is in black and white in front of you?????
I can't believe how dishonest you are. I go out of my way to help YOU finish a
proiject and you try to screw me.
Come on. I never wanted to even do this project. I gave you guys $200,000 so
you would give Jennifer a role. Then you come back and ask me for more so
you can finish the project. Again I did not want to do this and ONLY did it
because you "guarenteed" the additional $100,000.
Do you think I made this all up? YOU sent me the email. I did not send it to
you?????
Please fulfill your obligation or I will be forced to take legal action.

# EXHIBIT E

Subject: Re: Message from Bret
To:
From:
Date: Thu, 7 May 2009 08:07:21 +0000

Dr. Dorfman,

Coming from a twice divorced man who had secret plastic surgery to make it on the cover of a fitness magazine - while his daughter was struggling with anorexia, has had secret gay encounters and has viciously attacked his ex-wife after she finally set herself free from abusive and oppressive control, I am shocked you would have the nerve to use honesty as a tool to bully me; especially when I have done everything I can to stay out of your pathetic, petty battle with your ex-wife (most recently over DISHES).

But nothing surprises me with you. You are a sad, pathetic excuse for a man and it will soon be apparent to all.

That said, I am confident you will recoup your investment (and then some). So, your ridiculous accusations about a "guarantee" which was never papered (because you said a guarantee was unnecessary) will prove to be another silly attack from a pathetic bully.

Again, we had many conversations (in-person, phone, email, etc.) in which we discussed a variety of things, including additional investments from you and the guarantee offer; NONE of which were accepted and/or put into an Agreement. As such, the only Agreement you have is between yourself and Dead of Winter, LLC. That said, per her email, please direct all inquiries about sales figures and payment status to Dead of Winter, LLC's attorney, Penelope Glass.

Please stop harassing me. It is beneath even you. Not to mention the fact that the damage done to your already weakened reputation is unfortunate; especially when Jeff and Penelope have already explained the situation to you.

Sincerely,

Michael Sanchez

P.S. You should fire your attorney.

Sent via BlackBerry by AT&T

# EXHIBIT F

Michael Sanchez
1279 Oxeta Terrace
West Hollywood, CA 90069

BERKOWITZ & ASSOCIATES
468 North Camden Drive, Suite 200
Beverly Hills, California 92210

# EXHIBIT G

| In re: **Leonard Michael Sanchez** | CHAPTER: **7** |
|---|---|
| Debtor(s). | CASE NUMBER: **2:10-bk-53095** |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.  Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**9454 Wilshire Blvd., PH**
**Beverly Hills, CA 90212**

A true and correct copy of the foregoing document described as **OPPOSITION TO MOVANT'S MOTION TO REOPEN BANKRUPTCY CASE FOR THE LIMITED PURPOSE OF ALLOWING THE MOVANT TO SEEK TO DETERMINE THE DISCHARGABILITY OF A DEBT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ALON DARVISH AND LEONARD MICHAEL SANCHEZ** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

David A Gill (TR) - mlr@dgdk.com, dgill@ecf.epiqsystems.com
**United States Trustee (LA) - ustpregion16.la.ecf@usdoj.gov**

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **September 13, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**US Bankruptcy Court - Central District of California**
**255 E. Temple Street, Suite 1352**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

**Barbara Berkowitz**
**Berkowitz & Associates**
**468 North Camden Drive, Suite 200**
**Beverly Hills, CA 90210**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 13, 2011 | Alon Darvish 231257 | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**9013-3.1.PROOF.SERVICE**