FORM B104 (08/07)                                   2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Dr. William M. Dorfman, an individual | **DEFENDANTS** <br> Leonard Michael Sanchez, an individual; and Does 1-10, inclusive |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Berkowitz & Associates, A Professional Corporation <br> 150 S. Rodeo Drive, Suite 240, Beverly Hills, CA 90212 <br> (310) 276-9031 | **ATTORNEYS** (If Known) <br> Law Offices of Alon Darvish <br> 9454 Wilshire Blvd., PH Floor, Beverly Hills, CA 90212 <br> (310) 205-5529 |
| **PARTY** (Check One Box Only) <br> ☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor   ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor   ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an adversary complaint to determine whether Defendant's debt to Plaintiff be deemed nondischargeable on the basis of fraud, pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(3)(B).

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

FILED DEC 29 2011 CLERK U.S. BANKRUPTCY, CENTRAL DISTRICT OF [CALIFORNIA] BY:

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☒ Check if a jury trial is demanded in complaint | Demand $ 100,000.00 |

**Other Relief Sought**
Interest on the amount demanded.

FORM B104 (08/07), page 2                                               2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||  |
|---|---|---|
| **NAME OF DEBTOR** <br> Leonard Michael Sanchez || **BANKRUPTCY CASE NO.** <br> 2:10-bk-53095 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Thomas Donovan |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *Barbara L. Berkowitz* (signature) |||
| **DATE** <br> 12/29/11 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Barbara L. Berkowitz ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Barbara L. Berkowitz, SBN 143489<br>BERKOWITZ & ASSOCIATES<br>A Professional Corporation<br>150 S. Rodeo Drive, Suite 240<br>Beverly Hills, California 90212<br>Telephone: 310/276-9031<br>Facsimile: 310/276-9272 | RECEIVED<br>DEC 29 2011<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY: _____ Deputy Clerk |
| *Attorney for Plaintiff* Dr. William M. Dorfman | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Leonard Michael Sanchez<br><br>Debtor. | CHAPTER 7<br>CASE NUMBER 2:10-bk-53095<br>ADVERSARY NUMBER |
|---|---|
| Dr. William M. Dorfman<br>Plaintiff(s),<br>vs.<br>Leonard Michael Sanchez<br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** | **Floor:** |
|---|---|---|---|

☒ 255 East Temple Street, Los Angeles    ☐ 411 West Fourth Street, Santa Ana

☐ 21041 Burbank Boulevard, Woodland Hills    ☐ 1415 State Street, Santa Barbara

☐ 3420 Twelfth Street, Riverside

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

**KATHLEEN J. CAMPBELL**
**Clerk of Court**

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*February 2010 (COA-SA)*    **F 7004-1**

Summons and Notice of Status Conference - *Page 2*    **F 7004-1**

| In re (SHORT TITLE) | CASE NO.: 2:10-bk-53095 |
|---|---|
| Leonard Michael Sanchez  Debtor(s). | |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
150 S. Rodeo Drive, Suite 240
Beverly Hills, California 90212

A true and correct copy of the foregoing document described as  Summons and Notice of Status Conference
_____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** *(indicate method for each person or entity served):*
On  12/29/11  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Alon Darvish, Esq. (via U.S. Mail)
Law Offices of Alon Darvish
9454 Wilshire Boulevard, PH Floor
Beverly Hills, CA 90212

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** *(indicate method for each person or entity served):* Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  12/29/11  I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Thomas Donovan (via personal delivery)
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/29/11 | | |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)    **F 7004-1**

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 South Rodeo Drive, Suite 240, Beverly Hills, CA 90212.

On December 29, 2011, I served the foregoing document described as **Summons** on interested parties in this action by placing ( ) the original (X) a true copy thereof in sealed envelope(s) addressed as follows:

> Alon Darvish
> Law Offices of Alon Darvish
> 9454 Wilshire Boulevard, PH Floor
> Beverly Hills, CA 90212

/X/ BY MAIL

/X/ I deposited such envelope in the mail at Los Angeles, California.

The envelope was mailed with postage thereon fully prepaid.

/X/ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 29, 2011 at Beverly Hills, California.

/ / (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/X/ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rona Becker                _____
                                    Signature

Barbara L. Berkowitz, SBN 143489
BERKOWITZ & ASSOCIATES
A Professional Corporation
150 S. Rodeo Drive, Suite 240
Beverly Hills, California 90212
Telephone: 310/276-9031
Facsimile: 310/276-9272

Attorney for Creditor & Adversary Complainant
DR. WILLIAM M. DORFMAN



FILED
DEC 29 2011
CLERK U.S. BANKRUPTCY
CENTRAL DISTRICT OF CALIFORNIA
BY:

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| IN RE:<br><br>LEONARD MICHAEL SANCHEZ,<br><br>Debtor.<br><br>DR. WILLIAM M. DORFMAN,<br><br>Plaintiff,<br><br>v.<br><br>LEONARD MICHAEL SANCHEZ,<br><br>Defendant. | Case No.: 2:10-bk-53095-TD<br><br>Chapter 7<br><br>Adv. Case No.:<br><br>ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY<br><br>[11 U.S.C. § 523(a)(2)(A) and § 523(a)(3)(B)]<br><br>JURY TRIAL DEMANDED |

Dr. William M. Dorfman ("Dr. Dorfman"), plaintiff and creditor of the above-named debtor, Leonard Michael Sanchez ("Sanchez"), in a sum in excess of $100,000, alleges:

### INTRODUCTION

1. Defendant Sanchez engaged in fraud in connection to his debt to Plaintiff by failing to repay a loan that he had personally guaranteed without the intention of repaying it. This act of fraud mandates that Defendant's debt to Plaintiff be deemed nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A).

- 1 -

## JURISDICTION

2. This is an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy.

3. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 727 and 523.

4. This adversary proceeding constitutes a core proceeding pursuant to 28 U.S.C. §157.

5. This district is the proper venue for this proceeding pursuant to 28 U.S.C. §1409.

6. Defendant is indebted to Plaintiff creditor as fully detailed below, and the debt is not dischargeable in bankruptcy by virtue of 11 U.S.C. § 523(a)(2)(A).

## PARTIES

7. Plaintiff Dr. William M. Dorfman ("Dr. Dorfman") is an individual who at all times relevant herein has been a resident of the City of Los Angeles, County of Los Angeles, State of California.

8. Defendant Michael Sanchez ("Sanchez") is an individual who at all times relevant herein has been a resident of the City of Los Angeles, County of Los Angeles, State of California.

## GENERAL AVERMENTS

9. Defendant's debt to Plaintiff arises in the context of a state court action for fraud, breach of personal guarantee and money owed, <u>Sanchez v. Dorfman</u>, Los Angeles Superior Court, Case No. BC417871 (the "State Court Action") which was filed on July 16, 2009. The matter was initially set for trial on May 10, 2010 and then continued to October 18, 2010. The instant bankruptcy action was filed by defendant on October 7, 2010. To date, no Notice of Stay has been filed by defendant in the state court action as required by *California Rules of Court* 3.650. After failing to appear at several status hearings/case management conferences, although notice was sent to defendant's counsel and/or defendant, the state court entered default against Defendant on May 4, 2011. The State Court Action is still pending.

10. The personal guarantee which forms the basis of the State Court Action was made in writing by Defendant to Plaintiff in May, 2007 (the "Guarantee") as a condition of a $100,000 loan that Plaintiff

- 2 -

ADVERSARY COMPLAINT

had provided to him. On or about May 16, 2007, after Plaintiff had already invested thousands of dollars in film projects with Defendant's company, Dead of Winter Productions, LLC , Defendant asked Plaintiff for an additional $100,000 as a further investment and agreed in writing to personally guarantee these funds. As Plaintiff had previously invested $250,000 with Defendant and was not hopeful of seeing any return of his investment, he was not willing to invest any additional monies into the project. However, Defendant told Plaintiff that if he could not raise the additional $100,000, it was possible that the project would not be completed at all and that Plaintiff's entire initial investment would be lost. As such, Plaintiff reluctantly agreed to provide an additional $100,000 as a loan, *but solely on the condition that Defendant personally guarantee repayment of these additional funds.*

11. On or about May 16, 2007, Defendant confirmed in writing, via an email to Plaintiff, that he "will guarantee the return of the additional $100,000 investment; against my home (upon sale or when I refinance in 2010, whichever occurs first.)." Thereafter, on or about May 17, 2007, in reliance upon Defendant's representation that he would personally guarantee a return of the $100,000, Plaintiff paid the $100,000 for the benefit of Defendant.

12. Plaintiff has since made several demands for repayment of the monies loaned, but Defendant has not yet repaid any part of the debt and has denied that he personally guaranteed the $100,000.

///

///

///

- 3 -

ADVERSARY COMPLAINT

## FIRST CLAIM FOR RELIEF

(For a Determination That Defendant Sanchez's Debt to Plaintiff Dr. Dorfman is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(2)(A))

13. Plaintiff hereby alleges and incorporates by reference each and every other paragraph contained in this complaint as if the same were fully set forth at length herein.

14. Section 523 of Title 11 of the United States Code contains several exceptions to the discharge of a debt in bankruptcy. It provides in relevant part, (a) "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt ... (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by ... (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A).

15. Defendant represented to Plaintiff that he would repay the $100,000 loan to Plaintiff. Specifically, the May 16, 2007 email from Defendant stated, "I will guarantee the return of this additional $100,000 investment; against my home (upon sale or when I refinance in 2010, whichever occurs first)."

16. The statements, representations and promises by defendant were in fact false and defendant had no intention to be financially responsible or repay the loan as agreed. Plaintiff is informed and believes that the false representations were made with the intent to induce plaintiff to make the $100,000 advance, and defraud and deceive plaintiff of the $100,00.00. At the time that defendant made the representation and promises to plaintiff, he had no intention of repaying the funds as promised.

17. To induce Plaintiff to loan him the money, Defendant personally guaranteed that he would repay Plaintiff the money, using the refinance or sale of his home as collateral. Defendant later denied the Guarantee. By writing the May 16, 2007 email as the Guarantee, along with the statements made,

Plaintiff justifiably relied on defendant's statements and writing, to his detriment of $100,000.00, plus interest.

18. Defendant knew the falsity of his representations and promises at the time they were made, and/or made the representations recklessly and without regard for the truth. Defendant intended plaintiff to rely on his representations.

19. Plaintiff, at the time that the representations and promises were made by defendant, was ignorant of defendant's false representations and reasonably and justifiably relied on these representations and believed them to be true. Had plaintiff known the actual facts or the actual intention of defendant, plaintiff would not have advanced the additional $100,000.

20. Plaintiff's reliance on the statements and representations made were a substantial factor in causing plaintiff's harm, including the suffering of monetary damages in excess of $100,000.00.

## SECOND CLAIM FOR RELIEF

(For a Determination That Defendant Sanchez's Debt to Plaintiff Dr. Dorfman is Not Dischargeable Pursuant to 11 U.S.C. § 523(a)(3)(B))

21. Plaintiff hereby alleges and incorporates by reference each and every other paragraph contained in this complaint as if the same were fully set forth at length herein.

22. The notice to plaintiff of the bankruptcy action was defective and such failure impeded the plaintiff's opportunity to file a timely proof of claim and a timely request for a determination of dischargeability of such debt.

WHEREFORE, plaintiff prays for the entry of judgment against the Defendant as follows:

1. That the Court determine that the debt owed to Plaintiff by Defendant as a result of Defendant's false pretenses and/or false representations, upon which Plaintiff relied to its detriment, and as a result of

Defendant's willful and malicious injury to Plaintiff, is nondischargeable by virtue of 11 U.S.C. § 523(a)(2)(A);

2. That the Court determine that the debt owed to Plaintiff by Defendant as a result of Defendant's false pretenses and/or false representations, upon which Plaintiff relied to its detriment, and as a result of Defendant's willful and malicious injury to Plaintiff, is nondischargeable by virtue of 11 U.S.C. § 523(a)(3)(B);

3. For an award of attorneys' fees as allowable by law in an amount the Court determines to be reasonable;

4. For costs of suit herein incurred;

5. For interest at the legal rate; and

6. For such other relief as this Court deems just and proper.

Dated: 12-29-11

BERKOWITZ & ASSOCIATES
A Professional Corporation

By: /s/ Barbara Berkowitz
Barbara L. Berkowitz

Attorneys for Plaintiff and Complainant,
Dr. William M. Dorfman

- 6 -

ADVERSARY COMPLAINT

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
Berkowitz & Associates, A Professional Corporation
150 S. Rodeo Drive, Suite 240
Beverly Hills, CA 90212

A true and correct copy of the foregoing document described as **_Adversary Complaint_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_Fill in Date Document is Filed_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **_12/29/11_**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Alon Darvish, Esq. (via U.S. Mail)
Law Offices of Alon Darvish
9454 Wilshire Boulevard
Penthouse Floor
Beverly Hills, CA 90212

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_12/29/11_**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Chambers of the Honorable Thomas Donovan (via Personal Delivery)
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1352
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/29/11 | Arturo Cruz | _[signature]_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                         F 9013-3.1.PROOF.SERVICE

## PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 150 South Rodeo Drive, Suite 240, Beverly Hills, CA 90212.

On December 29, 2011, I served the foregoing document described as **Adversary Complaint** on interested parties in this action by placing ( ) the original (X) a true copy thereof in sealed envelope(s) addressed as follows:

>   Alon Darvish
>   Law Offices of Alon Darvish
>   9454 Wilshire Boulevard, PH Floor
>   Beverly Hills, CA 90212

/X/ BY MAIL

/X/ I deposited such envelope in the mail at Los Angeles, California.

The envelope was mailed with postage thereon fully prepaid.

/X/ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on December 29, 2011 at Beverly Hills, California.

/ / (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/X/ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Rona Becker                    _____
                                               Signature